UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| W.S.R. and C.D.A., | ) | |
| | ) | |
| Plaintiffs, | ) | Nos. 18 C 04265 and 18 C 04291 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| JEFFERSON B. SESSIONS III, Attorney General of the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In these related cases, W.S.R. and C.D.A. separately crossed the United States-Mexico border with their respective fathers on May 23, 2018. But the children were separated from the fathers on May 25, 2018, and have not seem them since. Both W.S.R. and C.D.A. have filed motions for a temporary restraining order asking for various forms of relief, including reunification with their fathers and release of both the children and their fathers. The Court held a hearing on the motion today, June 29, 2018, the same day that the motions were filed.[1]

With the exception of one form of relief, the government should be given a chance to respond, Fed. R. Civ. P. 65(b)(1)(A), so the Court converted those aspects of the motions into a preliminary-injunction motion and set a briefing schedule. The schedule is expedited in light of the strong interest in familial integrity, and also because this set of circumstances was completely predictable: criminal prosecution of parents, break-up of families, short-time served sentences, and then what? The litigation positions presumably were vetted in advance, so the response brief is due on July 2, 2018. The reply is due by 5 p.m. on July 4, 2018.

The one form of relief that is justified immediately is as follows:

---

[1] Subject matter jurisdiction is secure over, at the very least, the Fifth Amendment due process claim (Count 4) under federal-question jurisdiction. 28 U.S.C. § 1331.

Defendants and their officers, agents, servants, employees, attorneys, and all those who are in active concert or participation with them, are preliminarily enjoined from removing from the United States either Celio Alves-Ribeiro without W.S.R. or Cleiton Arcanjo De Paiva Oliveira without C.D.A.

In both W.S.R.'s and C.D.A.'s case, the circumstances satisfy the factors for issuance of a preliminary injunction: some likelihood of success; avoidance of immediate irreparable harm; no adequate remedy at law; and the public interest. *Girl Scouts of Manitou Council v. Girl Scouts of USA*, 549 F.3d 1079, 1086-87 (7th Cir. 2008). On likelihood of success, families have a liberty interest in avoiding a government-dictated breakup without some legitimate governmental counter-interest. *See Quilloin v. Walcott*, 434 U.S. 246, 255 (1978) ("We have little doubt that the Due Process Clause would be offended if a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest.") (cleaned up).[2] To remove a child's parent from the United States without the child would result in the government forcibly breaking up that family unit. No other form of relief (like monetary damages) would adequately repair the harm of that breakup. And at least on this record, the government has articulated neither a governmental or a public-at-large interest that would support removing either father from the United States without their sons.[3] The government is free to seek vacatur of the preliminary injunction if some other interest arises, such as evidence of unfitness of the parent or danger to the child.

After briefing, the motion hearing will resume on July 5, 2018, at 10 a.m.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: June 29, 2018 at 12 p.m.

---

[2] *See* Jack Metzler, Cleaning Up Quotations, 18 Journal of Appellate Practice and Process 143 (2017).

[3] During the motion hearing, the government also represented that it intends to comply with the preliminary-injunction order issued in *Ms. L v. Immigration and Customs Enforcement*, which also generally bars removal of class members without their children. 18cv0428, R. 83 at 24 ¶ 6 (S.D. Ca. June 26, 2018).